# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                                          Case No. 09-30663-WRS
                                                               Chapter 7

TED B. WATTS SR.,

   Debtor

## MEMORANDUM DECISION

This Chapter 11 case came before the Court for hearing on an objection to an application for professional compensation filed by BankTrust, (Doc. 237), on January 20, 2011. BankTrust objects to the most recent application for compensation made by the attorney for the Debtor in Possession (Doc. 237, objecting to Doc. 231). The Court will consider the objection below.

BankTrust objects to the application for compensation filed by counsel for the Debtor, contending that some of the services benefitted only the Debtor but not the estate. BankTrust identifies 44 time entries for professional services totaling $8,781.00 and six expense items totaling $310.00. (Doc. 237, Exhibit A). The objection of BankTrust alleges generally that the services in question "provided no benefit whatsoever to the estate of the Debtor or creditors of the Estate." (Doc. 237).

As a threshold matter, BankTrust does not make a sufficient objection. That is, the objection alleges generally that no benefit was obtained, but no explanation was made in the objection. Counsel for BankTrust did provide some argument at the January 20 hearing, however, the objection nonetheless lacks specificity. While BankTrust identifies 44 entries in its objection, there is no discussion as to why any of the 44 identified items may be inappropriate.

Nonetheless, the Court has an independent obligation to review applications for compensation and that it may review, reduce, or even disallow an application, even in the absence of an objection from a party in interest. 11 U.S.C. § 330(a)(1); Fed. R. Bankr. P. 2017(b); In re Value City Holdings Inc., 436 B.R. 300, 305 (Bankr. S.D.N.Y. 2010) ("The bankruptcy court also has an independent duty to review and evaluate all fee applications."). Noting particularly the 44 entries identified in the BankTrust objection, the Court observes that the entries relate to two primary activities. First, the Debtor objected to the claim of BankTrust. (Doc. 94). Second, the Debtor opposed confirmation of the Plan proposed by the Unsecured Creditor's Committee.

Before addressing the specifics of the 44 identified entries, the overall policy should be considered here. The Debtor objected to the claim BankTrust. (Doc. 131). BankTrust filed a claim in the amount of $4,073,783.39 (Claim 2-1), and later filed three amendments ultimately reducing it to $992,050.28. (Claims 2-2, 2-3 and 2-4). The Court heard the Debtor's objection and overruled it, allowing the amended claim of BankTrust as filed. (Doc. 173).

Not every unsuccessful effort of counsel for the Debtor should necessarily go uncompensated. An argument can be made that all unsuccessful objections, motions, complaints and the like do not, strictly speaking, benefit the estate, however, the Code does not permit the Court to look back, with the benefit of hindsight, at all unsuccessful efforts. In re Value City Holdings, Inc., 436 B.R. at 306 ("Even if the [p]rofessional turned out to be wrong in dedicating themselves to their clients a 'court does not determine reasonableness through hindsight.'") (citation omitted); In re Angelika Films 57th Inc., 227 B.R. 29, 42 (Bankr. S.D.N.Y. 1998) ("The fact that debtor's counsel's services are unsuccessful is not per se reason for denying

compensation, although the fact may be taken into consideration in ascertaining the value of legal services to the estate. . . . The test is objective, focusing upon what services a reasonable lawyer or legal firm would have performed in the same circumstances. . . . This standard does not rely on perfect hindsight, which the court must scrupulously avoid in making fee awards.") (citations omitted). Rather, the Court is to determine "whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title." 11 U.S.C. § 330(a)(3)(C); In re Marker, 100 B.R. 569, (Bankr. N.D.Al. 1989) ("The issue the Court must consider is whether the services rendered by the debtors' attorney must be found to have benefitted the estate in some way for the attorney to be compensated out of the funds of the estate."). In this case it was certainly appropriate for the Debtor to question the propriety of a $4 million claim. In this instance, collateral was sold and proceeds applied to a loan, leaving a deficiency balance of just under $1 million. To be sure, BankTrust may have preferred that its activities not be reviewed by others, however, the Court finds that it was reasonable for the Debtor to examine the claim of BankTrust. This examination benefitted not only the estate but the other creditors as well. Where, as here, the distribution to unsecured creditors will be less than 100%, the reduction of the claim of one unsecured creditor will necessarily benefit other unsecured creditors. Distributions in bankruptcy cases such as this are a zero sum game. A creditor who gains, does so at the expense of other creditors. That is, all creditors benefitted from a thorough review of the claim of BankTrust, except of course BankTrust, which would have preferred that its claim be allowed without question. Based upon its knowledge of the underlying claim of BankTrust and the merits of the Debtor's objection as well as its knowledge of the bankruptcy case as a whole, the Court concludes that activities

3

undertaken by counsel for the Debtor were both "necessary" and "beneficial" within the meaning of 11 U.S.C. § 330(a)(3)(C).

The next determination to be made is whether the services were performed within a "reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task." 11 U.S.C. § 330(a)(3)(D). The amount of the fees questioned here is approximately $8,000, to examine the propriety of an indebtedness of $4 million, later reduced to slightly less than $1 million resulting from the application of sale proceeds as well as the application of payments from co-guarantors. As discussed above, BankTrust did not provide any specifics, however, the Court has examined the 44 entries on their merits. Given the Court's knowledge of this case and having considered the entries in question, the Court finds that the time spent by Debtor's counsel was reasonable.

At the January 20 hearing, counsel for BankTrust argued that Debtor's counsel spent time opposing the Plan of the Unsecured Creditor's Committee on the grounds that it would impose adverse tax consequences on the Debtor individually. The Court discussed its understanding of tax consequences in liquidation proceedings in an order entered December 3, 2010. (Doc. 222). It appears that the Debtor was understandably concerned the proposed plan of the Unsecured Creditor's Committee would invert the usual tax treatment of sales in liquidation proceedings and rather treat the confirmation of the Plan has a taxable event, with adverse consequences to the Debtor individually. It strikes one as anomalous that the Unsecured Creditors Committee would propose a Plan attempting to improperly cast adverse tax consequences on the Debtor and then complain that because the Debtor was merely protecting himself from the predatory activities of the Unsecured Creditor's Committee, he was not benefitting the estate. The more

4

accurate way to look at this matter is that the Debtor was merely trying to insure that the Plan of the Unsecured Creditor's Committee would operate in a manner consistent with the intent of the Bankruptcy Code and the Internal Revenue Code.  Cast in this light, the Court concludes that the activities of counsel for the Debtor did in fact benefit the estate and for this reason the objection to the fees of counsel will be overruled by a separate order of this Court.

Done this 7th day of February, 2011,

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Collier H. Espy Jr., Attorney for Debtor
   Robert P. Reynolds, Attorney for BankTrust
   Charles N. Parnell, Esq.
   Brian R. Walding, Esq.
   Teresa R. Jacobs, Bankruptcy Administrator

5